IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **B.F., through next friend, Janice Falk,** *et al.***,** <br><br> *Plaintiffs***,** <br><br> v. <br><br> **RAFAEL LÓPEZ,** *et al.***,** <br><br> *Defendants***.** | **Case No. 1:23-cv-00109-JRR** |

**MEMORANDUM AND ORDER**

The court is in receipt of Plaintiffs' Motion for Leave to Serve Limited Discovery at ECF No. 88 (the "Motion") wherein Plaintiff seeks leave to "immediately serve targeted and limited document requests while Defendants' motion to dismiss awaits ruling." *Id.* at p. 1.  Defendants oppose the Motion.  (ECF No. 92.)

Under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1).  Further, the Local Rules of this court provide: "the conference of counsel required by [Rule] 26(f) need not take place and discovery shall not commence and disclosures need not be made until a scheduling order is entered." Local Rule 104.4 (D. Md. 2025).  "[I]n the normal practice of this District, discovery does not commence until after resolution of a motion to dismiss.  The reason for this general practice is sensible: a court's ruling on a motion to dismiss may assist in defining the contours of discovery." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 735 (D. Md. 2018).

In assessing motions for expedited discovery, this court has repeatedly applied "a standard

1

based upon reasonableness or good cause," considering "the totality of the circumstances" and factors including:

> 1. whether a motion for preliminary injunction is pending;
> 2. the breadth of the requested discovery;
> 3. the reasons the moving party is requesting expedited discovery;
> 4. the burden on the opponent to comply with the request for expedited discovery;
> 5. whether the information sought expeditiously could be obtained more efficiently from some other source;
> 6. the extent to which the discovery process would be expedited; and
> 7. whether a motion to dismiss for failure to state a claim is pending.

*Does 4 v. Musk*, No. CV 25-0462-TDC, 2025 WL 1505305, at *2 (D. Md. May 27, 2025) (citing cases).

Considering the totality of the circumstances here, the court is not persuaded that deviation from the standard practice of this District is warranted. Even assuming without deciding that Plaintiffs' requested discovery is limited (a contention Defendants reject) and seeks information that cannot expeditiously be obtained from another source, the factors here do not support expedited discovery. There is no pending motion for preliminary injunction. *See Does 4*, 2025 WL 1505305, at *3 (noting that "[t]he first factor weighs against expedited discovery because there is no motion for a preliminary injunction pending"). Conversely, there is a pending motion to dismiss that may "assist in defining the contours of discovery." *See Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 735, *supra*. Moreover, the court is satisfied by Defendants' representation that it would impose significant burden on Defendants to respond to the requests, a burden that is all the more significant when considering the effect of any dismissal (or partial dismissal) that may flow from the court's ruling on their motion to dismiss, should they prevail in some measure.

Finally, the court appreciates that Plaintiffs seek such discovery in view of the overall age

of this case and the ongoing harm to Plaintiffs; however, the protracted nature of this case is owed, in large part, to the mutual election of the parties to stay the action and pursue settlement for nearly two years. The court does not challenge the parties' choice to pursue settlement, but Plaintiffs cannot now be heard, absent circumstances that the court does not discern here, to use the delay that they requested to challenge the byproduct of that delay.

Accordingly, in this court's view of the totality of the circumstances, limited discovery in advance of the court's ruling on the motion to dismiss and issuance of a scheduling order is not warranted here. For the foregoing reasons, it is this 26th day of August 2025,

**ORDERED** that the Motion shall be, and is hereby, **DENIED**.


Date: August 26, 2025                                    /s/_____
                                                         Julie R. Rubin
                                                         United States District Judge